290 So.2d 1 (1974)
STATE of Florida ex rel. Robert L. SHEVIN, Attorney General, Relator,
v.
Robert T. MANN, As Chief Judge, et al., Respondents.
No. 44196.
Supreme Court of Florida.
January 23, 1974.
Rehearing Denied March 15, 1974.
*2 Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., for relator.
Paul Pollack of Pollack, Yocom, Tunkey, Robbins & Mosca, Miami, for respondents.
CARLTON, Chief Justice:
The State of Florida, through its Attorney General, filed herein a suggestion for writ of prohibition seeking to prevent the Judges of the District Court of Appeal, Second District, from entertaining an appeal from the conviction of one Richard Micale. We issued the alternative writ, but after careful consideration of the return and briefs by both parties, we have decided to discharge the writ.
Micale tendered a plea of nolo contendere to his criminal charge, asking to preserve for appellate review the propriety of the trial court's denial of his motion to suppress evidence. The trial judge declined to accept a plea of nolo contendere. Micale then informed the court that he still wished to receive a two-year sentence (apparently the result of plea bargaining) and tendered a plea of guilty, also asking to preserve for review the propriety of the trial court's refusal to accept the nolo contendere plea. The judgment and sentence were filed on October 23, 1972.
Micale's attorney filed a "Motion for New Trial" on October 27, 1972, which motion remained undisposed of until, on November 28, 1972, a Notice of Appeal was filed. The State of Florida subsequently filed a Motion to Dismiss the Appeal on the grounds that the District Court did not have jurisdiction to entertain an appeal filed more than thirty days past the date the judgment and sentence were rendered. This motion was denied by the District Court. Finally, the State filed its suggestion for writ of prohibition here, based on the same grounds as its Motion to Dismiss.
Florida Appellate Rule 3.2(b), 32 F.S.A., requires that appeals be commenced "within thirty days from the rendition of the final decision, order, judgment or decree appealed from... ." "Rendition" is defined in Florida Appellate Rule 1.3:
"`RENDITION' of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of." (Emphasis supplied.)
The basis of the State's contention is the fact that Micale never had a "trial" in the first place, but merely pleaded guilty. Therefore, argues the State, a motion for new trial was not a "proper" motion which would stay the running of his appeal time.
We do not, however, view the rule as being so restrictive and technical as to deny Micale his right to an appeal under the facts of this case. A "proper motion" is one which is permitted by the rules. Any permissible motion, timely made, stays the running of appeal time until the motion is disposed of. The applicability of a particular motion to the facts or legal posture of a particular case is for the trial court to decide. An appellate court, in determining the timeliness of an appeal, need not consider the merits of any post-trial motion or petition; all that is necessary is a determination of whether or not the motion was permissible under the rules of procedure.
*3 The State has cited as support for its argument our decision in Wagner v. Bieley, Wagner and Associates, Inc., 263 So.2d 1 (Fla. 1972). In Wagner, this Court considered the question of whether a "motion for rehearing" after an interlocutory order stayed the time in which that order could be appealed. We held that there was no rule of procedure providing for a rehearing of an interlocutory order. We then stated:
"... An unauthorized motion not permitted by the Rules, such as respondent's motion for rehearing in this case, would have no effect on rendition and would thus have no effect on the time for filing notice of appeal."
Our decision sub judice, therefore, is entirely consistent with our holding in Wagner.
If we were to adopt the State's interpretation of the definition of "rendition" contained in our Appellate Rule 1.3, we would be saying, in effect, that a criminal defendant may be deprived of his right to an appeal only because of the poor judgment of his attorney. A defendant should not be so penalized when a post-trial motion filed by his attorney is permissible  even though the motion is totally without merit or even frivolous. In such a case, the motion could be swiftly disposed of and the defendant's appeal time would again commence to run; hence, no prejudice to the State.
With respect to civil cases, this Court has said as early as Waterson v. Seat and Crawford, 10 Fla. 326 (1863), that "the Court ought to be well satisfied before it closes its door against a party on account of the negligence of the attorney, that such negligence really exists to so culpable a degree as to enable the client to maintain an action against his attorney, else he will be without remedy." We should be even more reluctant, in a criminal case, to deny a remedy to one who may have valid grounds for a reversal of his conviction simply because his attorney was negligent or incompetent.
Therefore, relator's suggestion for writ of prohibition in this cause is denied, and the alternative writ heretofore issued is discharged.
It is so ordered.
ERVIN, BOYD and McCAIN, JJ., concur.
ROBERTS, ADKINS and DEKLE, JJ., dissent.