335 So.2d 278 (1976)
Eugene R. CUNEO, Petitioner,
v.
STATE of Florida, Respondent.
No. 48161.
Supreme Court of Florida.
July 8, 1976.
Waldense D. Malouf, Clearwater, for petitioner.
Robert L. Shevin, Atty. Gen., and Davis G. Anderson, Jr., Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
This cause is before us on certiorari granted without argument to review the decision of the District Court of Appeal, Second District, in Cuneo v. State, dismissing appeal, reported at 317 So.2d 478 (Fla. App.2nd, 1975), which decision purportedly conflicts with State ex rel. Shevin v. Mann, 290 So.2d 1 (Fla. 1974).
*279 Petitioner was informed against for the crime of assault with intent to commit rape, pleaded guilty, was adjudicated guilty, and was sentenced to prison for not less than six months nor more than five years. Judgment and sentence was rendered August 12, 1974.
Petitioner's motion for reconsideration of sentence filed August 27, 1974, was denied by the trial court on December 17, 1974.
Notice of appeal from the judgment, sentence and denial of motion for reconsideration was filed with the District Court of Appeal, Second District, on January 14, 1975.
Appellee, State of Florida, filed a motion to dismiss the appeal as untimely and alleged that the record does not reflect that any motion for new trial or other motion contemplated by the rules was filed after judgment and sentence was rendered, and that although a motion for reconsideration was filed, such motion is not specifically contemplated by the rules and, therefore, does not toll the time for filing notice of appeal.
The District Court of Appeal dismissed the appeal. Certiorari review was sought here on the basis of conflict with this Court's decision in State ex rel. Shevin v. Mann, supra, wherein a motion for new trial was filed after conviction on a plea of guilty. This Court explained:
"We do not, however, view the rule as being so restrictive and technical as to deny Micale his right to an appeal under the facts of this case. A `proper motion' is one which is permitted by the rules. Any permissible motion, timely made, stays the running of appeal time until the motion is disposed of. The applicability of a particular motion to the facts or legal posture of a particular case is for the trial court to decide. An appellate court, in determining the timeliness of an appeal, need not consider the merits of any post-trial motion or petition; all that is necessary is a determination of whether or not the motion was permissible under the rules of procedure."
The question then arises as to whether petitioner's motion for reconsideration of sentence may be effectively treated as a motion for reduction of sentence pursuant to Rule 3.800, Florida Rules of Criminal Procedure, which provides, in pertinent part:
"(b) A court may reduce a legal sentence imposed by it at the same term of court at which it has been imposed, or if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari."
However, then we must consider that petitioner's request in his motion for reconsideration was for the setting aside of the sentence and conviction and the placing of him on probation. In State v. Evans, 225 So.2d 548 (Fla.App. 3rd, 1969), certiorari denied 229 So.2d 261 (Fla. 1969), certiorari denied 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668, the court stated:
"Our conclusion that the trial court had no jurisdiction to enter its order is *280 reinforced by the fact that the court did not order that the sentence be reduced; it ordered rather that the sentence be vacated. But the statute and the rule say a trial court may reduce a sentence; they do not say a court may vacate a sentence. The trial judge therefore clearly acted without statutory authority by vacating respondent's sentence. He also exceeded his authority by ordering that the respondent be placed on probation for ten years, since the granting of probation does not constitute the correction or reduction of a sentence." (emphasis supplied)
Petitioner argues that his motion for reconsideration could properly be treated as a motion for reduction of sentence pursuant to Rule 3.800, Florida Rules of Criminal Procedure.[1] We cannot agree. Furthermore, his post-conviction motion was not a motion for new trial from an adjudication of guilt based on a plea of guilty as was the case in Mann, supra.
Since the petition for writ of certiorari reflected apparent jurisdiction in this Court, we granted certiorari, but upon careful consideration of the matter, the briefs and record, we have determined that the cited decision presents no direct conflict as required by Article V, Section 3(b) (3), Constitution of Florida.
Accordingly, the writ must be and is hereby discharged.
It is so ordered.
ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
OVERTON, C.J., dissents.
NOTES
[1] The sentence imposed by a trial judge following a plea of guilty is solely within his discretion subject only to the condition that it meets the standards provided by law. Pitts v. State, 181 So.2d 739 (Fla.App. 1st, 1966).