ON MOTION TO DISMISS
PER CURIAM.
On November 2, 1977, and November 3, 1977, the trial court entered orders discharging the appellees under the speedy trial rule, Fla.R.Crim.P. 3.191. On November 4, 1977, the state filed petitions to reconsider these orders. The court denied these petitions on December 9, 1977. The state filed its notices of appeal on December 21, 1977, and December 22, 1977.
Fla.R.App.P. 3.2(b) requires that appeals be commenced within thirty days of the rendition of the order appealed from.[1] The state concedes that if the rendition dates were November 2 and 3, 1977, its appeals were untimely, but it argues that the filing of the petitions for reconsideration postponed rendition of the orders until the court disposed of the petitions. We cannot agree. A petition for reconsideration will postpone the date of rendition only when it is authorized by the applicable rules. Fla.R.App.P. 1.3; State ex rel. Shevin v. Mann, 290 So.2d 1 (Fla.1974). We have reviewed the Rules of Criminal Procedure, and we cannot find a rule which authorizes a petition for reconsideration of an order granting a motion for discharge. While it might be desirable to provide a vehicle for the rehearing of an order of discharge, this is a matter which must be addressed to those charged with the drafting and promulgation of the rules.
The appeals are hereby dismissed.
GRIMES, C. J., and SCHEB and RYDER, JJ., concur.

. Rule 9.140(c)(1) of the new Appellate Rules which became effective on March 1, 1978, now requires appeals by the state to be commenced within fifteen days.