ON PETITION FOR REHEARING
DOWNEY, Chief Judge.
On October 11, 1978, we noted apparent lack of jurisdiction because it appeared the Notice of Appeal had not been timely filed and, thus, on that date we dismissed this appeal. Thereafter, appellant timely filed a Petition for Rehearing in which he contends on authority of Cuneo v. State, 335 So.2d 278 (Fla.1976), that the Notice of Appeal was timely filed. We have reconsidered the matter in the light of appellant’s argument and conclude that the Notice of Appeal was timely filed and that we do have jurisdiction.
Appellant was charged by information with the commission of three felonies. A motion to suppress evidence was filed, heard and denied by the trial court. Thereafter, the appellant entered a plea of nolo contendere to one of the counts of the information, preserving his right to appeal the denial of the motion to suppress. On July 12,1977, the trial court adjudicated the defendant guilty and sentenced him to 12 years in the Department of Offender Rehabilitation and 12 years probation. On July 20th the appellant filed a Motion for Reduction of Sentence in which appellant alleged that the trial court had failed to consider all relevant factors in passing sentence; that the sentence involved was unduly harsh in view of defendant’s exemplary background and as compared with sentences of persons similarly situated in Seminole County. On September 9th the court denied the Motion for Reduction of Sentence and on that date the Notice of Appeal in question was filed. This court dismissed the appeal for lack of jurisdiction on the ground that the Motion for Reduction of Sentence did not toll the time for appeal on the judgment and sentence.
Rule 1.3, Florida Appellate Rules (1962 Revision), which is the rule applicable to this appeal, provides for the tolling of the time for appeal under certain circumstances. The rule provides in pertinent part:
“RENDITION” . . . Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”
*223 Rule 3.800, Fla.R.Crim.P., provides that a court may reduce a legal sentence imposed by it within sixty days after its imposition or within sixty days of receipt by the court of a mandate issued by the appellate court, or within other specified time periods. Thus, it would appear that the Motion for Reduction of Sentence filed by appellant was a post-trial motion permitted by the rules. Clearly the motion was timely, i. e., filed within 8 days from the date of the judgment and sentence, and, therefore, under the plain language of Rule 1.3 the time for appealing the judgment and sentence was tolled until the Motion for Reduction of Sentence was denied.
While the case of Cuneo v. State, supra, is not entirely clear, we believe that a careful reading of that case supports the foregoing conclusion. In Cuneo the defendant was adjudicated guilty and sentenced on August 12, 1974. The defendant filed a Motion for Reconsideration on August 27, 1974, which was denied by the trial court on December 17, 1974. Notice of Appeal from the judgment and sentence and denial of the Motion for Reconsideration was filed January 14, 1975. The State moved to dismiss the appeal in the District Court of Appeal on the grounds that it was untimely because the record demonstrated that no Motion for New Trial or other motion contemplated by the rules was filed after judgment and sentence were rendered and so, although a Motion for Reconsideration was filed, such a motion was not specifically contemplated by the rules and, therefore, did not toll the time for taking the appeal. The District Court granted the motion and dismissed the appeal.
The Supreme Court granted certiorari perceiving conflict between that decision and the decision of State ex rel. Shevin v. Mann, 290 So.2d 1 (Fla.1974). Ultimately the Supreme Court decided that no conflict existed and the writ was discharged, leaving the decision of the District Court of Appeal intact. In discussing the question of whether the appellant’s Motion for Reconsideration of Sentence tolled the time for appeal from the judgment and sentence, the Supreme Court concluded that there was no such motion provided for in the Rules of Criminal Procedure; but the court went further and looked at the body of the motion to make sure that the relief prayed for did not fit within the mission of a rule which was provided for. In doing so the court pointed out that the relief requested by Cuneo in his Motion for Reconsideration was that the sentence and conviction be set aside and that he be placed on probation. There is no provision for such a motion in the rules, the court concluded. But it is important to note that the court considered whether the relief asked for might fall within the purview of Rule 3.800, Fla.R. Crim.P., the rule authorizing a motion for reduction of sentence, and found that it did not. It is our opinion that the Supreme Court’s determination of whether Cuneo’s motion was in substance, although not form, a motion under Rule 3.800 (Motion to Reduce Sentence) implies that a 3.800 motion would have tolled the time for appeal. Otherwise, the court’s inquiry in Cuneo was without purpose.
Another case which seems to support our position is State ex rel. Shevin v. Mann, supra. In that case defendant Micale pleaded nolo contendere to the criminal charge against him requesting that his right to appeal the denial of his motion to suppress be preserved. The trial court declined to accept the plea, whereupon as a result of negotiations he pleaded guilty, but requested the right to review the propriety of the trial court’s refusal to accept his nolo plea. Judgment and sentence were filed on October 23, 1972. Micale filed a Motion for New Trial on October 27, 1972. When this motion was subsequently denied Micale filed a Notice of Appeal which was more than thirty days after October 23, 1972.
The State took the position that, since Micale never had a trial but pleaded guilty, a Motion for New Trial was not a “proper motion” which would toll the time for taking an appeal. Regarding that contention, the Supreme Court stated:
“We do not, however, view the rule as being so restrictive and technical as to deny Micale his right to an appeal under *224 the facts of this case. A ‘proper motion’ is one which is permitted by the rules. Any permissible motion, timely made, stays the running of appeal time until the motion is disposed of. The applicability of a particular motion to the facts or legal posture of a particular case is for the trial court to decide. An appellate court, in determining the timeliness of an appeal, need not consider the merits of any post-trial motion or petition; all that is necessary is a determination of whether or not the motion was permissible under the rules of procedure.” (Emphasis supplied.) 290 So.2d 1 at 2.
The Supreme Court went on to point out that if the State’s interpretation of the definition of rendition contained in Rule 1.3, Florida Appellate Rules (1962 Revision) were adopted:
“ . . .we would be saying, in effect, that a criminal defendant may be deprived of his right to an appeal only because of the poor judgment of his attorney. A defendant should not be so penalized when a post-trial motion filed by his attorney is permissible —even though the motion is totally without merit or even frivolous. In such a case, the motion could be swiftly disposed of and the defendant’s appeal time would again commence to run; hence, no prejudice to the State.” 290 So.2d 1, at 3.
It seems to us that the foregoing construction of Rule 1.3, Florida Appellate Rules (1962 Revision) is a reasonable construction of the language used and that a defendant’s right to review of his criminal conviction and sentence should not be precluded by strained constructions of the language used in the rule.
Accordingly, rehearing is granted and this appeal is reinstated.
CROSS and BERANEK, JJ., concur.