SCHEB, Chief Judge.
The state appeals from an order denying its petition for reconsideration of an order transferring appellee for adjudicatory proceedings as a juvenile. We dismiss the appeal.
Pursuant to Section 39.04(2)(e)4, Florida Statutes (1979), the state filed a direct information against William D. Holdefer, who was seventeen years of age at the time of the alleged offenses. Holdefer moved to transfer his case to the juvenile division of the circuit court. Following a hearing the court entered an order transferring the cause to the juvenile division on May 2, 1979.
On June 19 the state petitioned for reconsideration of the transfer order on the ground that Holdefer’s juvenile record, which had not been brought to the court’s attention at the transfer hearing, showed that Holdefer did not meet the requirements for a transfer to the juvenile division. The court denied the petition on July 13, and the state filed this appeal.
Neither the Florida Rules of Criminal Procedure nor the Rules of Juvenile Procedure provide for a motion for reconsideration of an order transferring a cause from the circuit court to the juvenile division. In addition, Rule of Criminal Procedure 3.590 requires postjudgment motions to be made within fifteen days of entry of judgment. Thus, the state’s petition for reconsideration of the transfer order, filed thirty-nine days after entry of that order was neither authorized by the rules nor timely filed.
Accordingly, this court has no jurisdiction over the appeal from the order denying the petition, and we dismiss it sua sponte. See Fla.R.App.P. 9.140(b)(2), 9.020(g); Guzman v. State, 364 So.2d 523 (Fla. 2d DCA 1978).
GRIMES and CAMPBELL, JJ., concur.