413 So.2d 156 (1982)
Willie POTTS, Jr., Petitioner,
v.
Louie WAINWRIGHT, Secretary, Department of Corrections, Respondent.
No. 82-211.
District Court of Appeal of Florida, Fourth District.
April 28, 1982.
Rehearing Denied June 16, 1982.
*157 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for respondent.

ON MOTION FOR REHEARING
LETTS, Chief Judge.
Defendant's trial counsel, an assistant public defender in the Fifteenth Judicial Circuit, failed to file a timely notice of appeal because she filed a motion to mitigate the defendant's sentence pursuant to Rule 3.800(b), Fla.R.Crim.P., and labored under the impression that such a motion tolled the 30-day period for filing a notice of appeal. See Rules 9.140(b)(2) and 9.020(g), Fla.R.App.P; Strucki v. State, 365 So.2d 222 (Fla. 4th DCA 1979). The trial court denied the motion to mitigate on May 4, 1981, and defense counsel filed a notice of appeal on May 19, 1981. This court, in an unpublished order, dismissed the appeal for lack of jurisdiction. See Guzman v. State, 364 So.2d 523 (Fla. 2d DCA 1978).
Next, defendant's appellate counsel, also an assistant public defender in the Fifteenth Judicial Circuit, filed a petition for a writ of habeas corpus seeking delayed appellate review pursuant to the dictates of Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969). Initially, with one judge dissenting, this court denied the petition in an unpublished order which cited Adams v. State, 380 So.2d 421 (Fla. 1980). Upon consideration of defendant's motion for rehearing, however, we have concluded that our reliance upon Adams was misplaced and that the motion for rehearing should be granted.
Adams v. State, supra, involved a post-trial motion for post-conviction relief. It was originally filed by the Office of the Public Defender for the Fifteenth Judicial Circuit, but was subsequently assigned to the Office of the Public Defender for the Nineteenth Judicial Circuit  the office which had represented the defendant at trial. The motion contained eleven specific charges that the defendant had been denied effective assistance of counsel at trial. Since the state challenged these allegations, an evidentiary hearing was necessary and it was obvious that trial counsel would be called to testify. Thus, the Public Defender for the Nineteenth Judicial Circuit was faced with a hopeless conflict of interest which precluded his representation of the defendant in the post-conviction proceeding.
In the case at bar, the state has challenged none of the factual allegations in the petition for delayed appellate review. Consequently, there is no need for an evidentiary hearing and defense counsel is not faced with the ethical prohibition against serving as an advocate and a witness in the same evidentiary proceeding. Furthermore, it is beyond question that the defendant/petitioner in this case was denied direct appellate review because of state action or, perhaps more accurately phrased, state inaction, i.e., the failure to file a timely notice of appeal. Thus, he has an absolute right to delayed appellate review. Baggett v. Wainwright, supra; Pressley v. Wainwright, 540 F.2d 818 (5th Cir.1976).
We are confident that the Office of the Public Defender for the Fifteenth Judicial Circuit is fully competent and ethically correct in representing the petitioner in his effort to obtain delayed appellate review. Accordingly, we grant the motion for rehearing, vacate our order of March 3, 1982, grant the petition for writ of habeas corpus and permit delayed appellate review.
It is so ordered.
HURLEY and DELL, JJ., concur.
HURLEY, J., concurs specially with opinion.
HURLEY, Judge, concurring specially.
In addition to the above, I wish to express the view that a motion to mitigate, filed pursuant to Rule 3.800(b), Fla.R. Crim.P., is the functional equivalent of a *158 motion to alter or amend. The latter, of course, tolls the rendition of a final judgment. See Rule 9.020(g), Fla.R.App.P. Thus, I submit we erred in the first instance by dismissing appellant's direct appeal.
Recently, in the case of Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190, (Fla. 1982), the Supreme Court held that it was proper to consider the "practical result" of an order in determining whether it justified a non-final appeal. The same analysis should apply here. A motion to mitigate is an authorized motion which has the practical result of requesting an alteration or amendment of the judgment. Thus, I would hold that a motion to mitigate which is filed prior to the expiration of the 30-day appeal period,[1] tolls the rendition of the judgment of conviction.
To hold otherwise is to place form over substance and permit the rules to become a needless snare for the unwary. Similarly, to hold otherwise would violate the well-settled public policy favoring the resolution of disputes on their merits. This policy requires us to construe the rules liberally and to resolve ambiguities in a manner which will guarantee access to the courts.
It is reasonable to assume that a motion to mitigate was authorized because of its useful potential. Enormous time and energy are saved when the trial court corrects an error and obviates the necessity for appeal. Therefore, there is little to be said for an interpretation which permits defense counsel to seek post-conviction relief in the trial court but forces counsel into the predicament of choosing between pursuing relief in the trial court and thereby forfeiting appellate review, or of filing a notice of appeal and thereby abandoning the motion to mitigate. Such a formulation is too mechanistic; its application is both unjust and at odds with sound judicial economy. Therefore, I would hold to the rule announced in Strucki v. State, supra, that a timely motion to mitigate tolls rendition. Although Strucki spoke to an earlier version of the rules, its rationale is still persuasive. Consequently, I would hold that a motion to mitigate pursuant to Rule 3.800(b), Fla.R.Crim.P., which is filed before the expiration of the 30-day period for filing a notice of appeal, should toll the rendition of the judgment of conviction pursuant to Rule 9.020(g), Fla.R.App.P.
NOTES
[1] A motion to reduce or modify is timely if filed within 60 days of the imposition of sentence or within 60 days after receipt of the appellate mandate. Rule 3.800(b), Fla.R.Crim.P. On the other hand, a notice of appeal must be filed at a time between the rendition of a final judgment and 30 days following the entry of a written order imposing sentence. Rule 9.140(b)(2), Fla. R.App.P. Consequently, only a motion to modify or reduce which is filed prior to the expiration of the 30-day appeal period will toll the rendition of the final judgment. See Rule 9.020(g), Fla.R.App.P.