GLICKSTEIN, Judge.
Petitioner seeks a writ of habeas corpus to obtain delayed appellate review. The circumstances are identical to those in Potts v. Wainwright, 413 So.2d 156 (Fla. 4th DCA 1982) (on motion for rehearing). In both cases the public defender failed to file a timely notice of appeal; and by unpublished order, this court dismissed the appeal as untimely.[1] In Potts, we granted the petition for writ of habeas corpus and permitted the matter to proceed as a delayed appeal; and we do the same herein.
We take note, however, that in Polk County v. Dodson, - U.S. -, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the court held:
With respect to Dodson’s § 1983 claims against Shepard, we decide only that a public defender does not act under color of state law when performing a lawyer’s traditional functions as counsel to a defendant in a criminal proceeding.
Id. at 453 (footnote omitted). As a result, our sister court, in Meyer v. State, 415 So.2d 70 (Fla. 5th DCA 1982), while granting a like petition under similar circumstances, certified the following questions to the supreme court as being of great public importance:
A. IN THE LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, - U.S.-, 102 S.Ct. 445, 72 [sic] L. Ed.2d 509 (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PUBLICLY APPOINTED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
B. IN THE LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, - U.S.-, 102 S.Ct. 445, 72 [sic] L. Ed.2d 509 (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PRIVATELY RETAINED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
Deeming the two questions to be of the same significance as did our sister court, we herewith certify them as well.
DELL and WALDEN, JJ., concur,

. In this case, Epps v. State, No. 82-82 (Fla. 4th DCA Feb. 10, 1982) (order dismissing appeal as untimely).