GLICKSTEIN, Judge.
Petitioner seeks a writ of habeas corpus to obtain delayed appellate review. The circumstances are identical to those in Potts v. Wainwright, 413 So.2d 156 (Fla. 4th DCA 1982) (on motion for rehearing). In both cases the public defender failed to file a timely notice of appeal; and by unpublished order, this court dismissed the appeal as untimely.[1] In Potts, we granted the petition for writ of habeas corpus and permit *135 ted the matter to proceed as a delayed appeal; and we do the same herein.
We take note, however, that in Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the court held:
With respect to Dodson’s § 1983 claims against Shepard, we decide only that a public defender does not act under color of state law when performing a lawyer’s traditional functions as counsel to a defendant in a criminal proceeding.
Id. 102 S.Ct. at 453 (footnote omitted). As a result, the court in Meyer v. State, 415 So.2d 70 (Fla. 5th DCA 1982), while granting a like petition under similar circumstances, certified the following questions to the supreme court as being of great public importance:
A. IN THE LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, 454 U.S. 312, 102 S.Ct. 445, 72[sie] L.Ed.2d 509 (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PUBLICLY APPOINTED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
B. IN THE LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, 454 U.S. 312, 102 S.Ct. 445, 72[sic] L.Ed.2d 509 (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PRIVATELY RETAINED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
In Epps v. Wainwright, 420 So.2d 659 (Fla. 4th DCA 1982), we deemed the two questions to be of the same significance and certified them as well. We do so again and further note the following comments of the Fifth District Court of Appeal in Meyer:
The ethical obligation of an attorney requires diligent attention to the legal problems of his client. No lawyer can ethically neglect a legal matter entrusted to him, nor handle it incompetently, Fla.Bar Code of Prof.Resp., DR 6-101, DR 7-101(A), and he should be sanctioned when he does. The fact that the courts have extricated the client from the consequences of the lawyer’s neglect to timely file an appeal does not convert the neglect of a legal duty to something less. We therefore believe that we must comply with our own ethical obligations to sanction lawyers who neglect their legal and professional duty. We have already notified the public defenders in this district that any such neglect of duty will give rise to sanctions by this court where the neglect is the failure to comply with a directive of this court, thus resulting in a dismissal of the appeal, or where we deem it appropriate, we will forward copies of the petition to the proper grievance committee of The Florida Bar for whatever action is deemed warranted by that committee under the circumstances of each case. We cannot condone admitted violations of the Code of Professional Responsibility nor will we do so, and we take this means to notify the lawyers who appear before this court of our intentions.
415 So.2d at 74-75. We would add to the foregoing, as a cautionary note, that the supreme court recently approved the following addition to Florida Bar Integration Rule, article XI, Rule 11.14:
(9) Nothing in this Rule shall be construed to discourage or to restrict the right and responsibility of any judge to call to the attention of The Florida Bar the conduct of any member thereof which, in the opinion of the judge, warrants investigation by The Florida Bar to determine if there has been a violation of the Code of Professional Responsibility or if an unprofessional act has occurred.
ANSTEAD and BERANEK, JJ., concur.

. In this case, Davidson v. State, No. 82-82 (Fla. 4th DCA December 1, 1982) (order dismissing appeal as untimely).