437 So.2d 245 (1983)
Robert JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 83-533.
District Court of Appeal of Florida, Fifth District.
September 15, 1983.
*246 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION TO DISMISS
ORFINGER, Chief Judge.
The State of Florida has moved to dismiss this appeal for want of jurisdiction, on the ground that appellant's notice of appeal was not timely filed because appellant's intervening petition for reconsideration and reduction of sentence did not toll the time of rendition of the judgment and sentence appealed from. We agree, and dismiss the appeal.
Appellant was tried on October 8, 1982, and found guilty. Appellant's motion for new trial was denied and judgment and sentence were entered on February 2, 1983. On February 24, 1983, appellant filed a petition for reconsideration and reduction of sentence pursuant to Florida Rule of Criminal Procedure 3.800. The motion was denied on April 4, 1983, and a notice of appeal directed to the judgment and sentence was filed on April 12, 1983. If appellant's petition for reconsideration and reduction of sentence delayed rendition, the notice of appeal was timely, but if rendition was not thus delayed, the appeal must be dismissed since we would then have no jurisdiction to entertain it. See McAllister v. State, 418 So.2d 1203 (Fla. 5th DCA 1982).
In Guzman v. State, 364 So.2d 523 (Fla. 2d DCA 1978), the court held that a motion for reconsideration of sentence is not one of the motions which tolls the running of the appeal time under Florida Rule of Appellate Procedure 9.020(g). That rule provides:
(g) Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
Appellant contends that the decision in Guzman conflicts with the decision in Strucki v. State, 365 So.2d 222 (Fla. 4th DCA 1978), but a careful review of both cases reveals no conflict. Strucki was decided under Rule 1.3, Florida Appellate Rules (1962 Revision) which provided that rendition of a judgment or order was delayed when any post-trial motion permitted by the rules was filed, until disposition thereof. Since a motion for reduction of sentence is an authorized motion, the timely filing of such motion delayed rendition under old Rule 1.3.
The current rule 9.020(g), Florida Rules of Appellate Procedure, limits the motions which will delay rendition.[1] Because the new rule no longer provides that any petition or motion permitted by the rules will delay rendition, and instead specifically enumerates an exclusive list of such motions which does not include the motion to reduce sentence, such motion does not toll rendition of appellant's judgment and sentence and the notice of appeal was untimely. See also State v. Holdefer, 386 So.2d 855 (Fla. 2d DCA 1980).
Because we are without jurisdiction, the motion to dismiss the appeal is granted and the appeal is
DISMISSED.
COBB and SHARP, JJ., concur.
NOTES
[1] Committee Notes to Rule 9.020(g) indicate that:

The term "rendition" has been simplified and unnecessary language deleted ... motions which postpone the date of rendition have now been narrowly limited to prevent deliberate delaying tactics. To postpone rendition, the motion must be timely, authorized and one of those listed. (emphasis supplied).