490 So.2d 1050 (1986)
Joseph Walter KLEMBA, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2706.
District Court of Appeal of Florida, Fourth District.
July 2, 1986.
Joseph Walter Klemba, pro se.
Jim Smith, Atty. Gen., and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Joseph Walter Klemba, appearing pro se, pled nolo contendere to one count each of aggravated assault upon a police officer and resisting arrest with violence. This plea was accepted by the court and judgment was entered on October 22, 1985. Thereafter, appellant filed a motion to reduce sentence which was granted on November 15, 1985. Then, on December 2, 1985, appellant filed a notice of appeal arguing a speedy trial violation. We do not have jurisdiction to consider Mr. Klemba's appeal.
A motion to reduce a sentence is not a post-judgment motion which tolls the time for filing an appeal. Joseph v. State, 437 So.2d 245 (Fla. 5th DCA 1983); Potts v. Wainwright, 413 So.2d 156 (Fla. 4th DCA 1982), approved on other grounds, 438 So.2d 825 (Fla. 1983); Guzman v. State, 364 So.2d 523 (Fla. 2d DCA 1978). These cases pose no conflict with our earlier decision in Strucki v. State, 365 So.2d 222 (Fla. 4th DCA 1978), because Strucki applied the old appellate rule which stated that the rendition of a judgment or order was delayed when any post-trial motion permitted by the rules was filed. See Florida Appellate Rule 1.3 (1962 Revision). By contrast, the new appellate rule on the issue states that only the post-trial motions listed within will serve to toll the time for filing a notice of appeal. A motion to reduce sentence is not listed. See Fla.R.App.P. 9.020(g). Thus, Mr. Klemba's notice of appeal was filed more than 30 days after the rendition of his judgment and we are without jurisdiction to consider his appeal. See also Joseph, 437 So.2d at 246; Guzman, 364 So.2d at 523.
DISMISSED FOR LACK OF JURISDICTION.
GLICKSTEIN, GUNTHER, and STONE, JJ., concur.