PER CURIAM.
On May 13, 1992, an order dismissing an information against appellee Bobbiette Jones was entered by the trial court. On that same day, the State of Florida moved for rehearing of the order of dismissal. Rehearing was denied by order of July 28 and the state filed its notice of appeal on August 7. Appellee moves for dismissal of the appeal for lack of jurisdiction, contending that the notice of appeal was untimely.
Florida Rule of Appellate Procedure 9.140(c)(1)(A) authorizes the state to appeal an order dismissing an information or indictment. Such an appeal must be commenced, in accordance with Rule 9.140(c)(2), by filing of the notice of appeal within 15 days of rendition of the order to •be reviewed. Further, an authorized and timely motion for rehearing will postpone rendition of the appealable order, see Fla. R.App.P. 9.020(g). There is no authorization, however, for the state’s motion for rehearing filed in the circuit court in this case. State v. Williams, 362 So.2d 699 (Fla. 2d DCA 1978); see also Griffis v. State, 593 So.2d 308 (Fla. 1st DCA 1992). We therefore conclude that the unauthorized motion for rehearing did not postpone rendition of the order and the notice of appeal was untimely. That being so, the appeal must be and hereby is dismissed for lack of jurisdiction. State v. Williams.
APPEAL DISMISSED FOR LACK OF JURISDICTION.
JOANOS, C.J., and ZEHMER and BARFIELD, JJ., concur.