ALTENBERND, Judge.
 

 Alexander Jones appeals his judgments and sentences. We affirm the judgments
 
 *982
 
 but remand for resentencing. The trial court’s attempt at a streamlined procedure to resolve a scoresheet dispute was well-intended, but unfortunately it failed in its implementation.
 

 Mr. Jones was charged with possession of cocaine, one count of obstructing an officer with violence, and two counts of battery on a law enforcement officer for events that occurred in April 2008. He entered a written negotiated plea in March 2009. Although the written plea indicates that he agreed to a sentence of 36.45 months’ imprisonment, from the record it is undisputed that he was actually agreeing to a sentence at the bottom of the guidelines.
 

 Mr. Jones’s scoresheet included eighteen points for two prior convictions for aggravated assault. These convictions were based on information received from Palm Beach County. When Mr. Jones appeared for the plea hearing on March 16, 2009, he objected to the scoresheet, claiming that he had only one prior conviction for aggravated assault emanating from Palm Beach County. This discrepancy would remove nine points from the scoresheet. Obviously, Mr. Jones has a common name.
 

 The trial court immediately turned to the State and correctly required that it prove the second aggravated assault conviction by obtaining a certified copy of the conviction. The court finished the plea colloquy, but it delayed sentencing to allow the State to attempt to obtain a certified copy of the conviction.
 

 The case returned to court on March 19, 2009. The State had been unable to obtain records from Palm Beach County, and the court continued the hearing until March 30. On that day, the State still had not received the records. Accordingly, the court informed the State that it had sixty days to get the records. The court explained that it intended to sentence Mr. Jones to the bottom of the guidelines as it appeared on the existing scoresheet, but if the State did not obtain the certified copy of the judgment, the court was going to “mitigate the sentence” to a sentence equal to the bottom of the guidelines on a score-sheet with a nine point reduction. The court proceeded with sentencing, concluding with the statement: “The State has 60 days from today’s date to prove that there is, in fact, two as opposed to one. If not, I will mitigate the sentence based upon your motion, which would be timely filed. Does he waive his appearance here for a reduction?”
 

 Although Mr. Jones’s attorney could have objected to this procedure because it was shifting the burden from the State to the defendant, that objection was not made. As Mr. Jones’s attorney was trying to explain this procedure and determine whether his client would waive appearance, however, he realized that his client only had thirty days to file an appeal and that a motion to mitigate under Florida Rule of Criminal Procedure 3.800(c) did not stay the time for appeal.
 
 See
 
 Fla. RApp. P. 9.020(h). After some more discussion, the trial court resolved this problem as follows: “Then you got 30 days. I’ll rule within 30 days. If they don’t have it within 29 days from today’s date, I’ll rule on it. You better calendar it.”
 

 On April 8, 2009, Mr. Jones’s attorney filed a notice of appeal, which deprived the trial court of jurisdiction. This court does not know what, if any, records the State received during the thirty-day period.
 

 Although the trial court’s solution probably seemed creative at the time, it presented its own set of problems. Not only was it difficult for the defendant to time his appeal in response to this procedure that reversed the burden of going forward, but it left the defendant in the posture of having to trust the trial court to
 
 *983
 
 fulfill this promise with no recourse if the trial judge welched on the deal. A motion to mitigate under rule 3.800(c) is discretionary with the trial court and the resulting order is not appealable.
 
 Walters v. State,
 
 994 So.2d 1230 (Fla. 2d DCA 2008). Although we are entirely confident that this trial judge would have honored his promise, Mr. Jones’s decision to appeal during the allotted thirty days was only prudent.
 

 Because the court did not require the State to prove the contested conviction before relying upon it to sentence Mr. Jones, we reverse and remand the sentence for resentencing within sixty days of mandate. If the State does not prove the existence of the contested conviction at the scheduled sentencing hearing, the trial court shall sentence Mr. Jones to the bottom of the guidelines on a scoresheet that does not include the contested conviction.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT, J., and CASE, JAMES R., Associate Senior Judge, Concur.