PER CURIAM.
 

 This appeal is untimely. The appellant sought review of a judgment and sentence rendered on January 8, 2010. The notice of appeal, filed on March 23, 2010, was filed more than thirty days after this date of rendition.
 
 See
 
 Fla. R.App. P. 9.110(b). In response to a sua sponte order, the appellant argued that the Court’s jurisdiction was timely invoked because rendition had been delayed until March 19, 2010, by a timely Motion to Modify Sentence that was filed to correct a sentencing error. A timely motion to correct a sentence filed
 
 *975
 
 pursuant to Florida Rule of Criminal Procedure 3.800(b)(1) will stay rendition under Florida Rule of Appellate Procedure 9.020(h). However, the attached motion did not raise a sentencing error or otherwise challenge the sentence as erroneous. Rather, the appellant sought a reduction and modification of his sentence due to mitigating factors that were detailed in the motion, which was brought pursuant to Florida Rule of Criminal Procedure 3.800(c). “A motion to reduce a sentence is not a post-judgment motion which tolls the time for filing an appeal.”
 
 Klemba v. State,
 
 490 So.2d 1050 (Fla. 4th DCA 1986).
 
 See
 
 Fla. R.App. P. 9.020(h);
 
 Jones v. State,
 
 28 So.3d 981 (Fla. 2d DCA 2010). Additionally, an order on a 3.800(c) motion is not appealable.
 
 Davis v. State,
 
 745 So.2d 499 (Fla. 1st DCA 1999);
 
 Daniels v. State,
 
 568 So.2d 63 (Fla. 1st DCA 1990). Therefore, the Court lacks jurisdiction to review the orders on appeal.
 

 DISMISSED.
 

 WEBSTER, WETHERELL, and MARSTILLER, JJ., concur.