COWART, Judge.
This is petitioner’s second effort to have this court review his conviction. In the first attempt, we dismissed his appeal for lack of jurisdiction because the notice of appeal was filed untimely. See Denard v. State, 410 So.2d 976 (Fla. 5th DCA 1982).
Petitioner now files a petition for writ of habeas corpus to secure a belated direct review of his criminal conviction, citing Baggett v. Wainwright, 229 So.2d 239 (Fla.1969). The petition narrates the background facts about being tried and found guilty and the notice of appeal being filed and the appeal being dismissed by this court, then it is alleged: “there exists reasonable grounds to believe that by state action the Petitioner has been deprived of his right to direct appeal,” followed by a request that this court appoint a commissioner “to make a complete finding of fact.” Apparently, the commissioner is expected to look for facts to support the asserted conclusion. Baggett holds that the defendant himself is responsible for initiating appeal proceedings. To activate the State’s duty to act to provide necessary incidents of appeal, including appointment of counsel for appeal, the petitioner must meet his initial duty by timely apprising the trial judge of his indigency and desire to appeal. The petition fails to allege these few facts, simple but vital under Baggett. We have gone beyond the petition in this case and examined the file in petitioner’s case No. 81-751 in this court. Both the original judgment dated March 25, 1981, and the corrected judgment dated May 8, 1981, adjudicates that the court informed petitioner of his right to appeal and that such appeal had to be taken within 30 days of that date. The record on appeal does not include a transcript of the sentencing proceedings on March 25, 1981, but the clerk’s minutes of that proceeding also note that the court advised of the right to appeal within 30 days and right to counsel. As to matters relevant here, the next matter in the file is the untimely notice of appeal filed June 10, *281 1981, followed by a motion filed June 12, 1981, with attached insolvency affidavit, for an order finding insolvency and for the appointment of counsel for purposes of appeal. The motion for appointment of appellate counsel, of course, implies a desire to appeal but petitioner’s motion in this case was filed after the untimely notice of appeal. Therefore, there is no allegation in the petition, or indication in the record, that petitioner clearly and timely apprised the trial judge of his indigency and desire to appeal. Accordingly, the petition is insufficient and is
DENIED.
COBB, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.