PER CURIAM.
The petition for writ of habeas corpus to secure belated review is granted. Baggett v. Wainwright, 229 So.2d 239 (Fla.1970). We will dispose of any issue of neglect by appellant’s attorney by separate order. See Meyer v. State, 415 So.2d 70 (Fla. 5th DCA 1982). For the reasons expressed in Meyer, we hereby certify to the Supreme Court of Florida the following questions which we deem to be of great public importance:
A. IN LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, [-U.S. -,] 102 S.Ct. 445 [, 70 L.Ed.2d 509,] (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PUBLICLY APPOINTED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
B. IN LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, [-U.S. -,] 102 S.Ct. 445 [, 70 L.Ed.2d 509,] (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PRIVATELY RETAINED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFEND *511 ANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
ORFINGER, C. J., and COBB, J., concur.
FRANK D. UPCHURCH, Jr., J., concurs specially with opinion.