ON PETITION FOR WRIT OF HABEAS CORPUS
DAUKSCH, Judge.
This is another petition for writ of habeas corpus for delayed appellate review. An assistant public defender has again failed to follow the Rules of Criminal Procedure by failing to file a timely motion for new trial and failing to file a timely notice of appeal.
The assistant attorney general assigned to this case strongly objects with good reason to our, in effect, waiving the jurisdictional requirements regarding cases such as these and maintains that the thirty-day requirement for the filing of a notice of appeal is merely a “suggestion that defendant’s counsel file his notice within thirty days.” In all cases except those where counsel is appointed to represent criminal defendants, the thirty day time limit is jurisdictional and cannot be extended by the court. This exception is now being extended to include criminal defendants represented by privately retained counsel who fail to file a timely notice of appeal on the grounds that such failure indicates ineffective assistance of counsel. The reasoning is that only the lawyer is to blame and the defendant should not suffer just because he retained an incompetent lawyer. See Ford v. Wainwright, 415 So.2d 76 (Fla. 1st DCA 1982).
Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967) and a multitude of other cases establish and maintain the rule that if a criminal defendant is denied the right to appeal because of ineffective assistance of counsel then the appellate court should grant a petition for writ of habeas corpus for belated appellate review. We shall follow the rule and thus grant the petition for writ of habeas corpus in this case and permit petitioner to carry forth his appeal.
On March 3, 1982, this court sent a letter to each public defender in this district tell *805 ing them to advise their attorneys “that from this day forward, any such petition will be forwarded to the proper grievance committee for appropriate action.” As judges and members of The Florida Bar it is our obligation to report incompetent counsel to The Florida Bar for its determination as to whether grievance procedures are warranted. Because the breach of duty committed by the attorney in this case was before the March 3,1982 warning letter and because the trial judge expressly, on the record, told the assistant public defender that he could file an untimely motion for new trial, we will not formally refer this case to The Florida Bar. For the same reason we shall not begin any similar proceedings under Rule 11.14 of the Integration Rule of The Florida Bar. All lawyers should now be on notice.
We certify to our Supreme Court as a question of great public interest the same question we certified in Meyer v. State, 415 So.2d 70 (Fla. 5th DCA 1982).
A. IN THE LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, [-U.S.-] 102 S.Ct. 445 [70 L.Ed.2d 509] (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PUBLICLY APPOINTED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS? B. IN THE LIGHT OF THE DECISION IN POLK COUNTY v. DODSON, [-U.S.-] 102 S.Ct. 445 [70 L.Ed.2d 509] (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PRIVATELY RETAINED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
WRIT GRANTED.
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.