430 So.2d 440 (1983)
STATE of Florida, Petitioner,
v.
William J. MEYER, Respondent.
STATE of Florida, Petitioner,
v.
Inez SILVERA, Respondent.
STATE of Florida, Petitioner,
v.
Phillip Michael LEVESQUE, Respondent.
STATE of Florida, Petitioner,
v.
Cynthia Denise SMITH, Respondent.
STATE of Florida, Petitioner,
v.
Robert Thomas AVERA, Respondent.
Louie L. WAINWRIGHT, Petitioner,
v.
Roy Lee EPPS, Respondent.
Nos. 62257, 62401, 62451, 62487, 62560 and 62908.
Supreme Court of Florida.
March 31, 1983.
Rehearing Denied May 24, 1983.
*441 Jim Smith, Atty. Gen., and Richard W. Prospect, Shawn L. Briese, Richard B. Martell, and Sean Daly, Asst. Attys. Gen., Daytona Beach, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for petitioners.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, and Alan H. Schreiber, Public Defender and Steven Michaelson, Asst. Public Defender, Chief, Appeal's Div., Seventeenth Judicial Circuit, Fort Lauderdale, for respondents.
EHRLICH, Justice.
These consolidated cases are before the Court on discretionary review of questions certified to be of great public importance.[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
All six cases turn on one set of undisputed facts. Respondents, each represented by court-appointed counsel, have been found guilty of various crimes. Through neglect, inadvertence or error, their attorneys have failed to file timely notices of appeal, thereby eliminating the opportunity for direct review. All six respondents sought and were granted writs of habeas corpus to seek belated direct review of their convictions on the authority of Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), and Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967). The district courts of appeal recognized the potential significance of a recent United States Supreme Court decision, Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), to these cases and certified the following questions as being of great public importance:
I: IN LIGHT OF THE DECISION IN POLK COUNTY V. DODSON, [454 U.S. 312] 102 S.CT. 445 [70 L.Ed.2d 509] (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PUBLICLY APPOINTED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
II: IN THE LIGHT OF THE DECISION IN POLK COUNTY V. DODSON, [454 U.S. 312] 102 S.Ct. 445 [70 L.Ed.2d 509] (1981), IS STATE ACTION INVOLVED IN THE FAILURE OF A PRIVATELY RETAINED LAWYER TO FILE A TIMELY NOTICE OF APPEAL ON BEHALF OF THE CONVICTED DEFENDANT, SO AS TO ENTITLE THE DEFENDANT TO BELATED APPELLATE REVIEW BY PETITION FOR HABEAS CORPUS?
While we approve the granting of the writs by the courts below, we disagree with the rationale on which they relied, and we answer the first question in the negative.[2]
In granting the petitions, the courts below relied on a line of Florida cases which has interpolated an element of state action into the relationship between a court-appointed attorney and his indigent client. In light of the analysis provided by the United States Supreme Court in Polk County, we must revisit those cases.
Hollingshead v. Wainwright authorized the use of the petition for a writ of habeas corpus as a means for seeking belated appeal. In that case, the trial judge had refused to appoint counsel for the purpose of taking an appeal. This Court, relying on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), found this to be a violation of Hollingshead's due process *442 rights. In order to remedy the situation, Hollingshead was granted a writ of habeas corpus to seek full appellate review.
Three years later, in Baggett v. Wainwright, this Court addressed the same fact situation with the same result, but made explicit the nature of the state action underlying the grant of habeas corpus relief.
Generally, in the present context, state action is shown when a responsible official in the State's system of justice fails to take proper steps toward affording the necessary incidents of an appeal, e.g., appointment of counsel for a convicted defendant, after the State's duty to act in this particular is activated... .
229 So.2d at 242. The Court then went on to address the problems posed by the failure of court-appointed counsel to take a timely appeal when requested by the client to do so. Albeit in dicta, the Court implicitly imputed to the state acts of the court-appointed counsel.
The difficulty reposes in the contention that the requirements of equal protection do not operate to afford an indigent criminal appellant any higher or greater rights than those available to a nonindigent. Since the risk of failure to timely perfect an appeal is one which might befall a nonindigent represented by private counsel, it is argued this type of default should not be attributed to the State in testing the application of the Fourteenth Amendment. We are not persuaded by this argument.
Id.
On the basis of this reasoning, this Court in Costello v. State, 246 So.2d 752 (Fla. 1971), expressly determined that the actions of a court-appointed attorney who failed to file a timely appeal were state actions which violated the defendant's constitutional due process rights.
The difficulties to which the Court alluded in Baggett soon became manifest. These decisions, which all dealt with state action affecting taking of appeals by right, were made the basis for requiring belated review when a court-appointed attorney failed to file for discretionary review. Pressley v. Wainwright, 540 F.2d 818 (5th Cir.1976), cert. denied, 430 U.S. 987, 97 S.Ct. 1688, 52 L.Ed.2d 383 (1977). As Justice England pointed out in a stinging dissent to this Court's order in compliance with the federal directive, Pressley v. Wainwright, 367 So.2d 222 (Fla. 1979), the effect was to erode the jurisdictional requirements the Florida Supreme Court had established for all appeals or, potentially, to offer a different measure of justice to the non-indigent appellant.
Under existing Florida law, litigants are only entitled to one appeal as a matter of right. Under existing Florida law, both the state and an indigent defendant have an absolute and equal right to petition this Court for certiorari review if done in compliance with the rules. Under existing Florida law, the thirty-day period of our appellate rules is for either party a "jurisdictional" requisite for certiorari review here. Under existing Florida law, clients are bound by the acts of counsel, even when those acts waive a constitutional right. Under both federal and Florida law, ignorance of the law does not excuse a failure to comply with it.
... .
If the new right to petition is accorded more broadly on the ground that constitutional rights are triggered merely by a breach of an attorney's ethical responsibility to inform indigent clients of this Court's power to review district court decisions by certiorari, and of the time within which such review must be sought, the consequences are truly awesome. For example, if that right exists for indigents, can we say it does not exist for clients who pay their counsel? I think not, under the very due process, equal protection, and access-to-courts rationale on which the federal courts have relied. It would follow that all convicted felons (and perhaps misdemeanants as well) would be eligible for late-filed review if this duty to inform is breached. Then, of course, considerations of fairness ... would require that the state be afforded *443 an equivalent right to file late petitions for certiorari. The thirty-day rule, I submit, simply would no longer apply in criminal proceedings brought to this Court from district courts of appeal.
Id. at 224 (footnotes omitted), 225 n. 18 (England, J., dissenting).
Petitioners raise this same point in their brief by noting that the state is bound by these jurisdictional requirements, but court-appointed counsel may, in effect, view them as "mere suggestions." Holding one party to a standard of practice different from that required of others violates the basic principles of justice on which our legal system is founded.
In Polk County v. Dodson, the Supreme Court addressed the nature of the court-appointed attorney's relationship with his client in the light of a claim that the attorney was functioning under color of state law within the meaning of 42 United States Code, section 1983 (1980). Noting that the attorney is ethically bound to serve his client's interests and is under a duty not to let one who hires him to represent another interfere with that representation, the Court reasoned that the fact that the public defender is a state employee does not bring the state into that attorney-client relationship. Further, the court-appointed attorney is required to function as an adversary of the state, serving interests directly opposed to the position the state adopts in the prosecution. The actions of a court-appointed attorney cannot logically be imputed to the state without raising doubts as to the constitutional validity of state-supplied counsel.
Respondents urge this Court to recognize a distinction between "state action" and acting "under color of state law," pointing out the Supreme Court's unwillingness to equate the two. Polk County, 454 U.S. at 322 n. 12, 102 S.Ct. at 451 n. 12. We are convinced that the Court did not reach that issue because it was not necessary to do so on the facts then before it; on the facts now before us the issues are analytically identical. We find no logical basis for imputing the actions of a court-appointed attorney to the state.
As petitioners noted in their brief, the position we adopt today does not foreclose appellate review for the client whose attorney has failed to timely file a notice of appeal. All criminal defendants are entitled to a fair trial by the terms of the sixth amendment of the United States Constitution. The process by which a person is accused, tried, convicted and by which that conviction is tested is permeated with state action. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Douglas v. California. That state action requires that the defendant be afforded effective assistance of counsel, whether privately employed or court-appointed. Cuyler v. Sullivan. The undisputed facts before us reveal, as a matter of law, the ineffective assistance of appellate counsel.[3] A collateral attack raising the issue of ineffective assistance of counsel is open to the indigent and the non-indigent on the same terms. The ends of justice will be better served when all who seek justice may seek it by the same paths.
All attorneys, whether state-supplied or privately retained, are under the professional duty not to neglect any legal matters entrusted to them. Fla.Bar Code Prof.Resp., D.R. 6-101(A)(3). Lack of knowledge of or compliance with prescribed rules of practice and procedure is a dereliction of professional responsibility not easily excused, which may subject the negligent attorney to liability for damages to the client as well as disciplinary proceedings before The Florida Bar. Nothing in the foregoing opinion should be construed as condoning the deficiencies in representation which made the granting of the writs necessary.
*444 Accordingly, for the reasons herein set forth, the result of the courts below is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] Meyer v. State, 415 So.2d 70 (Fla. 5th DCA 1982); Silvera v. State, 416 So.2d 509 (Fla. 5th DCA 1982); Levesque v. State, 416 So.2d 509 (Fla. 5th DCA 1982); Smith v. State, 416 So.2d 510 (Fla. 5th DCA 1982); Avera v. State, 417 So.2d 804 (Fla. 5th DCA 1982); Epps v. Wainwright, 420 So.2d 659 (Fla. 4th DCA 1982).
[2] The second certified question is not apposite to the facts before us. Nonetheless, because of the reasoning underlying the negative answer to the first question, the answer to the second would of necessity also be negative.
[3] Where the effectiveness of counsel is in dispute, a hearing would be required to determine the issue.