451 So.2d 886 (1984)
Robert JOSEPH, Petitioner,
v.
STATE of Florida and Louie L. Wainwright, Secretary, Department of Corrections, Respondents.
No. 83-1734.
District Court of Appeal of Florida, Fifth District.
May 17, 1984.
Rehearing Denied July 3, 1984.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for respondents.

On Petition for Writ of Habeas Corpus
PER CURIAM.
We grant Joseph's petition for habeas corpus to obtain belated direct review of his criminal conviction and sentence. Trial counsel allegedly failed to file a notice of appeal in Joseph's case because of his mistaken belief that a motion filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.800 tolled the time for filing a notice of appeal. See Joseph v. State, 437 So.2d 245 (Fla. 5th DCA 1983).
In the past, the sufficiency of an indigent petitioner's allegations in a petition for habeas corpus for belated direct review were measured by reference to Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970). Baggett held that because a petitioner's right to a full and direct appeal was governed by the due process clause, see Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the defendant was entitled to belated review when state action had deprived him of his due process rights. However, since a defendant must initiate an appellate proceeding, the state was under no duty to act until the defendant had *887 requested an appeal. This was the source of the requirement that a defendant must allege that he had requested an appeal to be filed in his behalf.
This theory and approach changed in State v. Meyer, 430 So.2d 440 (Fla. 1983). The Florida Supreme Court held that ineffective assistance of counsel for indigents on appeal would now be tested by the same standards used to measure ineffective assistance of counsel for nonindigent defendants. Therefore, since an untimely filing of a notice of appeal would constitute, if anything, ineffective assistance of counsel and not a violation of a party's due process rights, a defendant need no longer allege state action.
This is not to say that the question of whether Joseph requested an appeal is not of crucial significance in regards to determining the claim of ineffective assistance of counsel. However, the notice of appeal filed in the first Joseph appeal speaks for itself that some type of communication had indeed taken place between Joseph and the public defender's office. But, whether that communication was in fact timely made, and whether the untimely filing of the notice of appeal constituted ineffective assistance of counsel are questions which should be determined by a commissioner upon remand.
Accordingly, we appoint The Honorable C. Vernon Mize, Jr. as commissioner for this court to determine whether Joseph was denied his appeal rights because of ineffective assistance of counsel. Meyer; Potts v. Wainwright, 413 So.2d 156 (Fla. 4th DCA 1982), aff'd, 438 So.2d 825 (Fla. 1983).
REMANDED.
DAUKSCH and SHARP, JJ., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The petition for writ of habeas corpus for a belated direct review has attached as exhibits the final judgment and the clerk's minutes both showing that petitioner was advised by the court, pursuant to Florida Rule of Criminal Procedure 3.670, concerning his right of appeal including the time allowed by law for taking an appeal, being 30 days.
Failure to timely appeal cannot result from the ineffective assistance of counsel unless before that time has expired privately retained counsel has agreed with the client to initiate an appeal or, after timely advising the trial court of his indigency and desire to appeal, the court or appointed counsel failed to perform some duty which resulted in depriving the defendant of his right to appeal. The petitioner does not allege that his private attorney agreed within the allotted time to initiate an appeal and failed to do so. Neither does he allege that he timely advised the trial court of his indigency and desire for the assistance of appointed counsel to undertake an appeal. There is no need to appoint a commissioner to determine the truth of allegations in a petition if the petition fails to contain essential allegations. Therefore I would deny the petition because it fails to allege the essential facts showing that petitioner is entitled to the relief sought. See Denard v. Wainwright, 418 So.2d 280 (Fla. 5th DCA 1982). See also Knight v. State, 394 So.2d 997 (Fla. 1981) (on assertion of ineffectiveness of counsel, specific omission or overt act upon which the claim is based must be detailed in appropriate pleading).