DELL, Judge.
Petitioner seeks belated appellate review of a judgment and sentence entered against him on July 7, 1986 for trafficking in cocaine. In his petition for writ of habe-as corpus he alleged ineffective assistance of appellate counsel. This court ordered the appointment of a judge of the Circuit Court of the Nineteenth Judicial Circuit to conduct an evidentiary hearing on petitioner’s petition and to file a report and recommendation as to whether the petitioner should be granted a belated appeal. Following an evidentiary hearing, the trial court reported:
1. At the Sentencing, on July 7, 1986, the trial judge advised the Petitioner that he had thirty days in which to appeal the Judgment and Sentence of this court and that the Public Defender would be appointed to represent him in any appeals if he could not afford a private attorney.
2. A Notice of Appeal was not timely filed. Petition for Writ of Habeas Corpus was filed on November 23, 1986.
3. Petitioner’s attorney failed to file a timely Notice of Appeal and failed to have the Public Defender appointed as substitute counsel and did not obtain an order to withdraw as attorney. Petitioner, thus, has shown exceptional circumstances why a belated appeal should be allowed.
Based on the findings of the circuit court we grant petitioner’s petition for belated appellate review of the judgment of conviction and sentence. We grant this petition on the authority of State v. Meyer, 430 So.2d 440 (Fla.1983). We remand this case to the trial court with instructions to determine the petitioner’s entitlement to the appointment of a public defender and, if he is entitled, to appoint a public defender to represent him in his appeal from the aforesaid judgment and sentence. Petitioner shall have thirty days from the rendition of *40 the trial court’s order on the appointment of counsel to file his notice of appeal.
Petition for habeas corpus granted and case remanded to the trial court with instructions.
DOWNEY and ANSTEAD, JJ., concur.