PER CURIAM.
John Smith appeals the summary denial of his motion for postconviction relief. We reverse.
Smith claims that he was promised a sentence of no more than two and one-half years if he would enter a plea to escape *464 charges. Instead, he received four years. If so, Smith would be entitled either to enforce the plea agreement or, if the trial court were unwilling to accept the agreement, withdraw his plea. See, e.g., Devard v. State, 504 So.2d 28 (Fla. 2d DCA 1987).
The trial court’s order states that Smith did, in fact, receive the sentence he was promised. Attached to that order is a transcript of the plea colloquy which appears to support this conclusion. However, the written judgment and sentence forms indicate, consistent with the claim made in the motion, that Smith actually received a sentence of “48 months.” The record before us is insufficient to establish whether this may be the result of scrivener’s error, or whether some intervening circumstance between the initial plea hearing and the eventual sentencing resulted in a harsher sentence than that to which the parties initially agreed. Accordingly, we are compelled to remand this case for further proceedings pursuant to Florida Rule of Criminal Procedure 3.850.
Reversed.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.