PER CURIAM.
On April 3, 1990, this court received a letter from Larry Brockelbank, who is currently incarcerated in the state of New Hampshire, inquiring about an appeal filed in his behalf “in 1981 or 1982 ... on an escape charge out of Pasco County.” A review of the letter indicates that it is more than a routine request for information insofar as Brockelbank asks this court to “reopen” the appeal, which he claims was dismissed without his permission or consent. In effect Brockelbank is asserting denial of the effective assistance of appellate counsel. The proper remedy for such a complaint is a petition for writ of habeas corpus filed in the appellate court. State v. Meyer, 430 So.2d 440 (Fla.1983). We have elected to treat the letter as a petition for writ of habeas corpus.
Our records indicate there were two separate appeals filed in connection with Brockelbank’s escape conviction. The first was an appeal directly from the judgment and sentence. This court affirmed without opinion August 18, 1982. Brockelbank v. State, 419 So.2d 1205 (Fla. 2d DCA 1982). Since this case was decided on its merits, and since the attorney referred to in Brock-elbank’s letter/petition was not involved in this appeal, we believe Brockelbank instead is concerned with the second case. When originally received February 28, 1983, this second appeal was assigned case number 83-1004. Accompanying the pro se notice of appeal was a letter stating that Brockel-bank had filed a motion for postconviction relief and “ha[d] received no answer as to whether or not this has been granted or denied.” The circuit court clerk informed this court that Brockelbank’s motion was still pending at the time his notice of appeal was filed. Accordingly, the appeal was dismissed as premature May 11, 1983.
The subsequent history of Brockelbank’s motion for postconviction relief may be gleaned from miscellaneous correspondence contained within our file in case number 83-1004. In 1988 Brockelbank wrote stating that he “d[id] not understand why a decision was not made on my case.” Attached was a letter from Brockelbank’s attorney advising him that “upon your release from custody in Florida, the issue has been rendered moot” and thus “your post-conviction petition was dismissible.” Presumably, counsel withdrew the motion and no final, appealable order was entered. The merits of such a decision are not before us, assuming a legal vehicle exists with which to debate them. In any event, there is no appeal to “reopen” and thus no entitlement to habeas corpus relief pursuant to Meyer.
Petition denied.
RYDER, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.