PER CURIAM.
Willie Nichols appeals the summary denial of his motion for postconviction relief.* We reverse and remand for further consideration of one issue raised in the motion.
The motion sets forth numerous grounds for relief. With one exception, all are facially insufficient or involve matters which should have been raised, if at all, on pretrial motion and direct appeal. Accordingly, the trial court was correct in denying relief as to those grounds and need not reexamine them after remand.
The one viable issue is captioned “denial of right of appeal” but, as recognized by the supreme court in State v. Meyer, 430 So.2d 440 (Fla.1983), is more appropriately deemed a claim of ineffective assistance of counsel. Traditionally, such a claim has been reviewed by habeas corpus petition in the appellate court, not by rule 3.850. However, the supreme court recently determined that the latter represents the preferred method of presenting the claim, at least where the specific omission complained of is the failure of trial counsel to invoke the jurisdiction of the appellate court by filing a timely notice of appeal. State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990). Therefore, after remand, the trial court should enter a ruling on the merits of this claim and determine whether Nichols is authorized to file a belated appeal. If the trial court determines that a belated appeal is appropriate, this court will then be authorized to review the issues which can be raised only on direct appeal.
Reversed and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and THREADGILL and, ALTENBERND, JJ., concur.

 The trial court denied Nichols' motion because it believed a direct appeal was still pending. See Marshall v. State, 481 So.2d 973 (Fla. 2d DCA 1986). However, Nichols’ direct appeal had been dismissed as untimely filed prior to his submission of the 3.850 motion.