PER CURIAM.
This is an appeal from the denial of a Florida Rule of Appellate Procedure 3.850 motion to vacate appellant’s prior conviction of first-degree murder. Several of the grounds in the motion concerning competency of the trial counsel were not very specific and, to the limited extent they were specific, were refuted by the record. Thus, the trial judge was correct in denying those portions of the motion.
The rule 3.850 motion also alleged that trial counsel never told appellant that he had to request an appeal if he received a sentence of less than death and, thus, frustrated his right to a direct appeal. There is some indication in the record that appellant knew of his right to appeal and told his attorney he did not want to appeal. However, the trial judge correctly did not rule as to the merits of this allegation. At the time, allegations of incompetence of counsel relating to failure to timely file an appeal could only be raised by a habeas corpus petition filed in the appellate court to which the appeal would have been prosecuted. State v. Meyer, 430 So.2d 440 (Fla.1983).
However, the Florida Supreme Court has recently held that requests for belated appeals should be handled in the trial court by a motion under rule 3.850 rather than in the appellate court by a petition for writ of habeas corpus. State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990).
Therefore, we reverse and remand for determination of appellant’s belated appeal point. Otherwise, affirmed.
SCHEB, A.C.J., and CAMPBELL and THREADGILL, JJ., concur.