581 So.2d 942 (1991)
William HICKMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01213.
District Court of Appeal of Florida, Second District.
June 12, 1991.
William Hickman, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
William Hickman appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
The judgments and sentences under attack were imposed in 1985, and there was no appeal. In addition Hickman has filed one previous, unsuccessful motion. Accordingly the present motion, with one exception, is barred by both the two-year limitations period imposed by Florida Rule of Criminal Procedure and by the proscription against successive motions. See Christopher v. State, 489 So.2d 22 (Fla. 1986). We affirm the ruling of the trial court with respect to all issues except the one discussed below.
The sole exception concerns Hickman's claim that he telephoned his trial attorney two days after sentencing and asked for an appeal. Despite this request, no appeal was filed. In its response to Hickman's motion the state concedes that Hickman presents a prima facie case for relief by alleging a possible double jeopardy issue remedial by direct appeal.[1]
We also find that a valid reason exists for Hickman's not having raised this claim in a previous, timely motion.[2] Prior to 1990 the exclusive method for obtaining belated appellate review was a petition for writ of habeas corpus filed in the appellate court. State v. Meyer, 430 So.2d 440 (Fla. 1983). However, in State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990), the supreme court held that whenever it is alleged that the right to *943 appeal was frustrated by the actions of trial counsel, such grievances should be presented (as was done in this case) via rule 3.850.
After remand, either by reviewing the record or conducting an evidentiary hearing, the trial court should determine whether in fact Hickman made a timely request for an appeal that counsel failed to honor. If the court finds that Hickman's allegations are not adequately rebutted by the record or by testimony, it should enter an order granting the motion and allowing Hickman to file a notice of appeal. Any such notice should be filed within thirty days of the order granting postconviction relief and should specifically note, either within the body of the notice or by attaching the order, that belated appellate review has been authorized.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, C.J., and DANAHY and THREADGILL, JJ., concur.
NOTES
[1] While a defendant who seeks a belated appeal need not prove that an appeal would have been successful, he must demonstrate that he had a right to appeal. Bridges v. Dugger, 518 So.2d 298 (Fla. 2d DCA 1987).
[2] We base this finding partly on the fact that habeas corpus petitions, unlike motions for postconviction relief, have not been subjected to time limitations other than the possible effect of laches. Thus Hickman would not be foreclosed from relief solely by the fact he waited more than two years to request a belated appeal. This does not mean, however, that the state may not claim, and seek to prove, prejudice from Hickman's delay in raising this issue.

It should also be noted that in Xiques v. Dugger, 571 So.2d 3 (Fla. 2d DCA 1990), this court recognized a limitation on successive habeas corpus petitions seeking belated appellate review. Our records indicate no prior attempt by Hickman to litigate this same issue by habeas corpus. We would likely reach a different result in this appeal if the record were otherwise.