PER CURIAM.
Thomas Marrone appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Two of Marrone’s three issues clearly are without merit. First, he alleges that trial counsel was ineffective for failing to file notice of appeal. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990). However, Marrone’s convictions were entered after a plea in which no appealable issues were preserved. Accordingly, Marrone would have had no right to appeal even if counsel had done as Marrone alleges he requested. Bridges v. Dugger, 518 So.2d 298 (Fla. 2d DCA 1987). Second, there is simply no merit to Mar-rone’s contention that his thirty-year sentence for trafficking in cocaine exceeds the statutory maximum for that offense. See §§ 775.082(3)(b), 893.135(l)(b), Fla.Stat. (1989). The trial court properly denied relief as to these two claims.
However, we do find that the final claim is not refuted by the record before us, and we remand for further proceedings consistent with Florida Rule of Criminal Procedure 3.850. Marrone contends, and certain of his exhibits suggest, that he was convicted and sentenced for three counts of delivery of a controlled substance to a minor, a violation of section 893.13(l)(c), Flor *1230 ida Statutes (1989), although his plea agreement contemplated that these charges would be dropped. Unless this contention can be proven incorrect, either through record exhibits or testimony, the trial court should vacate the judgments and sentences with respect to those three counts.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.