PER CURIAM.
Donald Lee Cook appeals the summary denial of his motion for postconviction relief. We reverse.
The motion is directed to a 1975 conviction for armed robbery. The sole issue is the alleged failure of trial counsel to file timely notice of appeal although requested to do so. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990).[1] The circuit court’s order finds that the motion is both untimely and successive. However, for the reasons expressed in our recent opinion in Hickman v. State, 581 So.2d 942 (Fla. 2d DCA 1991), we believe that Cook’s motion is entitled to consideration on its merits.
There is one significant distinction between Hickman and the present case in that Cook’s conviction is much older than Hickman’s. Arguably Cook had ample time to seek belated appellate review pursuant to State v. Meyer, 430 So.2d 440 (Fla.1983). After remand the trial court may consider the applicability of laches. See Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975).
Reversed.
SCHEB, A.C.J., and LEHAN and ALTENBERND, JJ., concur.

. Cook would have had a right to appeal, since his case was decided by jury trial. Had there been, instead, a plea, Cook probably would be foreclosed from relief for this reason alone. See Marrone v. State, 582 So.2d 1229 (Fla. 2d DCA 1991); Bridges v. Dugger, 518 So.2d 298 (Fla. 2d DCA 1987).