592 So.2d 1208 (1992)
John Michael SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03041.
District Court of Appeal of Florida, Second District.
January 22, 1992.
*1209 PER CURIAM.
John Michael Smith appeals the summary denial of his motion for postconviction relief. We reverse.
Smith was charged with escape. Initially he entered a plea of guilty and received a sentence of four years. However, in a previous 3.850 motion Smith asserted that his plea had been induced by the promise of a sentence of only two and one-half years. The summary denial of that motion was reversed by this court. Smith v. State, 559 So.2d 463 (Fla. 2d DCA 1990). On remand the trial court vacated the judgment and sentence, allegedly without Smith's request or consent.[1] Smith proceeded to trial, was convicted, and received a ten year sentence.
Smith raises three issues in his present motion. The first, involving specific performance of the alleged two and one-half year plea offer, is without merit. See generally, Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984). However, we find that Smith has set forth a prima facie showing of entitlement to relief as to two of the remaining claims.
Smith also asserts that the trial court erred in vacating the original four-year sentence without any request from him nor first inquiring whether Smith wanted to withdraw the plea that led to that sentence. The trial court's order finds that the original sentence "obviously [was] not acceptable to the defendant, as evidenced by his previous motions for postconviction relief." Certainly this is true to the extent Smith would have preferred two and one-half years in prison to four. However, when a court is unwilling to accept a plea offer, generally it must allow the accused the option of withdrawing a plea entered in reliance upon that offer. Humphries v. State, 563 So.2d 1124 (Fla. 2d DCA 1990). Faced with such a choice the defendant may prefer the status quo to the risks of proceeding to trial.[2] We are unable to determine, based on the record presently before us, whether Smith was given this choice. If the present, much harsher sentence is merely the result of a losing gamble, Smith is not entitled to relief. However, the trial court would not be justified in setting aside the four-year sentence simply because Smith attempted to have it reduced.
Lastly, Smith contends that trial counsel was ineffective for failing to appeal the judgment and sentence imposed after his trial. The trial court's order does not address this argument. If Smith made a timely request for an appeal, and counsel failed to honor that request by filing the necessary paperwork, Smith likely would have a colorable claim of ineffective assistance. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990).[3]
After remand the trial court should reexamine the files and records in this case to *1210 determine whether anything therein conclusively refutes the two claims outlined above. If so the court may again deny the motion without the necessity of an evidentiary hearing, attaching to its order any transcripts, documents, or other evidence relied upon. Otherwise an evidentiary hearing is required to resolve the two claims.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, C.J., and DANAHY and HALL, JJ., concur.
NOTES
[1] The record does not indicate why the trial court granted the motion. For purposes of this summary appeal, we are assuming that Smith's version of the facts was correct, i.e., that Smith was offered, or reasonably believed he had been offered, a sentence more lenient than the one he actually received.
[2] As recognized by the court below, once defendant chooses the option of trial and is thereafter convicted, the court is free to impose any lawful sentence. Contrary to the position taken by Smith in his present motion, this does not violate North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See Fairweather v. State, 505 So.2d 653 (Fla. 2d DCA 1987).
[3] The motion cites additional instances of what Smith believes was ineffective assistance of counsel. With the exception discussed above, this portion of the motion is without merit and was properly denied.