596 So.2d 500 (1992)
Stephen HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2387.
District Court of Appeal of Florida, First District.
March 27, 1992.
Stephen Harris, pro se.
No appearance for appellee.
PER CURIAM.
Stephen Harris has appealed an order of the trial court summarily denying his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm, but as to the allegation of ineffective assistance of counsel for failure to file an appeal, without prejudice to the filing of a legally sufficient motion.
Harris was convicted of aggravated battery in April 1989; no appeal was taken. In April 1991, he filed the instant motion alleging: 1) that he was never afforded a first appearance after arrest; 2) illegal search and seizure; 3) the state failed to disclose evidence favorable to him; and 4) his counsel was ineffective for failing to address the foregoing issues in the trial court, and for failing to inform Harris that he could appeal or to file an appeal. The trial court denied the motion, and we affirm. One issue, however, merits further discussion.
As to the allegation that counsel was ineffective for failing to file an appeal, the court found it legally insufficient because Harris did not allege that he requested counsel to file an appeal. We agree. A *501 defendant states a colorable claim of ineffective assistance when he alleges that he made a timely request for an appeal which counsel failed to honor. Smith v. State, 592 So.2d 1208 (Fla. 2d DCA 1992). It is thereafter the trial court's duty to determine, either by evidentiary hearing or by attachment of that portion of the record negating the allegation, whether appellant requested his attorney to file an appeal. Hickman v. State, 581 So.2d 942 (Fla. 2d DCA 1991); Dortch v. State, 588 So.2d 342 (Fla. 4th DCA 1991).
However, although the trial court correctly found that the allegation of ineffective assistance of counsel for failure to file an appeal was legally insufficient, we do not wish by this opinion to foreclose Harris from obtaining a belated appeal, if indeed he is entitled to one. Therefore, as to this allegation, we affirm without prejudice to the filing by Harris of a sworn motion pursuant to Rule 3.850 which alleges that a request for appeal was timely made and dishonored by counsel.
Affirmed.
JOANOS, C.J., and ERVIN and MINER, JJ., concur.