601 So.2d 611 (1992)
Robert Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2206.
District Court of Appeal of Florida, First District.
June 23, 1992.
Robert Lee Smith, appellant, pro se.
No appearance for appellee.
PER CURIAM.
Robert Lee Smith has appealed an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal *612 Procedure. We affirm in part, reverse in part, and remand.
In March 1990, Smith was convicted of battery on a law enforcement officer and resisting arrest with violence, and was sentenced to five years incarceration. No appeal was filed. In May 1991, Smith filed the instant motion alleging ineffective assistance of trial counsel in that counsel: 1) failed to call alibi witnesses of which he was aware, and 2) failed to file an appeal. The trial court denied the motion, finding that the first ground was refuted by the record (the order purports to include pertinent portions of that record, but does not). As to the second ground, the court found the motion legally insufficient because Smith did not allege that he requested his counsel to file an appeal.
As to ground one, Smith alleges that his trial counsel was ineffective for failure to investigate alibi witnesses. This allegation states a facially sufficient claim for relief. See Mallory v. State, 577 So.2d 987, 988 (Fla. 4th DCA 1991). Therefore, the trial court was required either to attach a copy of that portion of the files and records which conclusively showed that Smith was entitled to no relief, or to proceed as described in Rule 3.850. Although the order herein purports to attach pertinent portions of the files and records, it does not. Therefore, we reverse the order as to this ground, and remand either for attachment of pertinent portions of the files and records, or for further proceedings.
As to the allegation that trial counsel was ineffective for failing to file Smith's appeal, we agree that such an allegation is legally insufficient unless the movant also avers that counsel was requested to file an appeal. See Harris v. State, 596 So.2d 500 (Fla. 1st DCA 1992). Therefore, we affirm the order of the trial court as to this allegation. However, as in Harris, we affirm without prejudice to the filing by Smith of a sworn motion pursuant to Rule 3.850 which alleges that a request for appeal was timely made and dishonored by counsel.
Affirmed in part, reversed in part, and remanded with directions.
JOANOS, C.J., and ERVIN and MINER, JJ., concur.