606 So.2d 379 (1992)
Darren WOOLBRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 92-994.
District Court of Appeal of Florida, First District.
August 28, 1992.
Rehearing Denied November 12, 1992.
Appellant pro se.
No appearance for appellee.
PER CURIAM.
Darren Woolbright has appealed from an order of the trial court summarily denying his motion for post-conviction relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm, without prejudice to the filing of a motion which conforms to the requirements of Rule 3.850.
In January 1987, Woolbright pled guilty to sexual battery, and was sentenced to two years incarceration followed by two years community control. In January 1988, he was charged with attempted first-degree murder and two counts of grand theft, to all of which he pled guilty on March 11, 1988. The trial court revoked his community control, and sentenced him to twelve-year terms on the attempted murder and sexual battery charges, and five-year terms on the charges of grand theft, all concurrent. No appeal was filed.
Almost four years later, on February 4, 1992, Woolbright filed the instant motion pursuant to Rule 3.850. He alleged, among other things, that his trial counsel failed to file a timely notice of appeal although requested to do so. Woolbright acknowledged the untimeliness of the motion, but asked that it nevertheless be considered based on several grounds. He specifically included a request that the trial court "allow him to proceed by way of belated appeal." The trial court denied the motion on its merits, without addressing its apparent untimeliness, trial counsel's alleged failure to file an appeal, or Woolbright's request for a belated appeal.
After our initial review of this appeal, we requested a response from the Attorney General pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), and Mattox v. State, 590 So.2d 968 (Fla. 1st DCA 1991), specifically directed to the question of whether a 3.850 motion raising the issue of trial counsel's failure to file an appeal despite request can properly be denied as untimely. See, e.g., Hickman v. State, 581 So.2d 942 (Fla. 2d DCA 1991) and Cook v. State, 591 So.2d 1061 (Fla. 2d DCA 1991) (the issue is properly raised outside the two-year time limit, in that the former vehicle for the issue, a petition for writ of habeas corpus, was not subject to a time limit).
In its response, the state points out that Woolbright's motion would properly have been denied as facially insufficient, i.e., it *380 was not under oath as required by Rule 3.850. As to the issue raised by this court, the state simply questions the precedential value of Hickman and Cook in the instant case, arguing that "appellant's motion makes it clear that he did not seek a belated appeal."
We agree with the state that the instant motion was correctly denied as facially insufficient, i.e., it was not under oath as required by Rule 3.850. Given this finding, we would customarily affirm without prejudice to the filing by Woolbright of a motion which conforms to the requirements of the rule. However, except as to the allegation of trial counsel's failure to file an appeal, the motion was untimely. Therefore, with the exception of that allegation, we affirm outright the order of the trial court denying the instant motion.
As to that allegation, we are persuaded by Hickman and Cook that it would properly be raised out of time in a motion which otherwise conformed to the requirements of Rule 3.850. Therefore, our affirmance as to that issue only is without prejudice to the filing of a motion which conforms to the requirements of the rule.
Affirmed.
JOANOS, C.J., and SHIVERS and WIGGINTON, JJ., concur.