623 So.2d 1221 (1993)
Ernest Kevin LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3586.
District Court of Appeal of Florida, First District.
September 10, 1993.
*1222 Ernest Kevin Love, pro se.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals the denial of his motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. As a preliminary matter, appellant asserts that although the motion was filed outside the two-year limitations period of rule 3.850, he is entitled to consideration of the merits of the allegations because his counsel failed to file a notice of appeal, despite appellant's request that he do so. As grounds for relief, the motion alleged that appellant's guilty plea resulted from police coercion, appellant's disturbed state of mind, and ineffective assistance of counsel. We affirm without prejudice to appellant to file a successive legally sufficient motion.
On April 12, 1989, pursuant to a plea agreement, appellant pled guilty to first-degree murder, and to two counts of armed robbery. He was sentenced to life without possibility of parole for twenty-five years on the murder conviction, and was sentenced to two consecutive ten-year sentences on the armed robbery convictions. The motion for post-conviction relief, filed June 3, 1992, contains numerous factual allegations of coercion with respect to the guilty plea. The motion also contains an excerpt from the Psychological Evaluation Report pertaining to appellant's mental condition at the time of his arrest and interrogation, suggesting that appellant was profoundly disturbed due to chronic cocaine dependency at the time of the criminal episode.
The trial court denied post-conviction relief, finding the motion was filed untimely, and the grounds raised did not fall within either of the exceptions to the limitations period. Appellant filed a motion for rehearing, seeking review of the full text of his allegations and supporting documentation. In the order denying rehearing, the trial court noted that because appellant's convictions occurred prior to the decision in State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990), which substituted rule 3.850 for common law habeas corpus in cases where a defendant's right to appeal is frustrated by trial counsel's conduct, the two-year limitations period was not applicable. See Woolbright v. State, 606 So.2d 379 (Fla. 1st DCA 1992). However, the trial court again denied relief, finding that because appellant pled guilty without reserving any issues for appeal, his attorney was under no obligation to file a notice of appeal. The court further found appellant was not prejudiced by his attorney's conduct, since the issue he sought to raise can be raised at any time by means of a rule 3.800(a) motion to correct illegal sentence.
A defendant's allegation that he made a timely request for an appeal which his counsel failed to honor states a facially sufficient basis for relief pursuant to rule 3.850. State v. District Court of Appeal; Green v. State, 614 So.2d 1198 (Fla. 1st DCA 1993); Smith v. State, 601 So.2d 611 (Fla. 1st DCA 1992); Jackson v. State, 599 So.2d 266 (Fla. 1st DCA 1992). And, as the trial court *1223 found, a motion alleging frustration of a right to appeal by actions of trial counsel is not subject to the two-year limitation period, where such motion pertains to conduct occurring prior to the rule announced in State v. District Court, because the prior remedy by petition for writ of habeas corpus was not subject to a limitations period. Woolbright, 606 So.2d at 380; Cook v. State, 591 So.2d 1061 (Fla. 2d DCA 1991); Hickman v. State, 581 So.2d 942 (Fla. 2d DCA 1991).
In a similar vein, a guilty plea does not rule out every conceivable opportunity to appeal. Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993). Among other things, one who pleads guilty or nolo contendere can raise the issue of the voluntary and intelligent nature of the plea. Robinson v. State, 373 So.2d 898, 903 (Fla. 1979); Kearney v. State, 579 So.2d 410 (Fla. 1st DCA 1991).
In effect, appellant's claims challenge the voluntary and intelligent nature of his plea, and thus would be proper for consideration in a rule 3.850 motion predicated on trial counsel's failure to honor the defendant's request for an appeal. However, although notarized, appellant's motion for post-conviction relief was not properly sworn as required by rule 3.850, in the format prescribed by rule 3.987. Therefore, we affirm without reaching the merits of appellant's allegations. See Scott v. State, 464 So.2d 1171 (Fla. 1985); Black v. State, 610 So.2d 89 (Fla. 1st DCA 1992); Woolbright v. State, 606 So.2d 379 (Fla. 1st DCA 1992); Peavy v. State, 599 So.2d 234 (Fla. 1st DCA 1992).
Accordingly, the trial court's order denying the motion for post-conviction relief is affirmed without prejudice to appellant to present his claims in a properly sworn motion.
SMITH, JOANOS and WOLF, JJ., concur.