PER CURIAM.
Appellant appeals the denial of his motion for post-conviction relief, which alleged that he was denied a direct appeal because his counsel failed to file a notice of appeal. In his brief, he states that his request for direct appeal was timely, as it was made at the conclusion of his sentencing hearing. The trial court denied the motion for post-conviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure, since it was filed more than two years after the judgment and sentence became final. Subsequent to the trial court’s denial, this court issued its opinion in Woolbright v. State, 606 So.2d 379 (Fla. 1st DCA 1992) ruling that the two year limitations period of rule 3.850 is not applicable where a defendant’s right to appeal is frustrated by trial counsel’s conduct, and the motion pertains to conduct occurring prior to the Supreme Court’s decision in State v. Dis *1329 trict Court of Appeal, First District, 569 So .2d 439 (Fla.1990). See Love v. State, 623 So.2d 1221 (Fla. 1st DCA 1993).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, SMITH and WEBSTER, JJ., concur.