GOSHORN, Judge,
dissenting.
I respectfully dissent. This case is distinguishable on its facts from Joseph v. State, 451 So.2d 886 (Fla. 5th DCA 1984). In Joseph, the basis of the trial counsel’s failure to file a notice of appeal was his mistaken belief that a Florida Rule of Criminal Procedure 3.800 motion tolled the time for filing a notice of appeal. The intent to timely file was obviously present and triggered by, presumably, the defendant’s request. This court remanded the cause for an evidentiary hearing to determine, inter alia, whether the defendant’s request was timely made. In contrast, here, the astute trial court noted that the motion was deficient in that it failed to allege that trial counsel was timely instructed to file an appeal.[1] The court gave *353 the defendant the opportunity to correct the deficiency.[2] Rather than file a properly amended motion, defendant chose to appeal, I find no error in the trial court’s action and would affirm.

. The trial judge found that:
Ground two raises an allegation of ineffective assistance of trial counsel in his failure to *353 timely file a notice of appeal. Nowhere does defendant under oath allege that trial counsel was (timely) instructed to file the appeal. The ground as such is legally insufficient. Smith v. State, 601 So.2d 611 (Fla. 1st DCA 1992) and Harris v. State, 596 So.2d 500 (Fla. 1st DCA 1992); Williams v. State, 596 So.2d 501 (Fla. 1st DCA 1992); Smith v. State, 592 So.2d 1208 (Fla. 2d DCA 1992); and Hickman v. State, 581 So.2d 942 (Fla. 2d DCA 1991).

. The court ordered:
Defendant's Motion for Post Conviction Relief is denied without prejudice to the filing of a sworn motion pursuant to Fla.R.Crim.P. 3.850 which alleges that a request for appeal was timely made and dishonored by counsel.