637 So.2d 934 (1994)
Humberto RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00484.
District Court of Appeal of Florida, Second District.
April 29, 1994.
Rehearing Granted April 29, 1994.
ALTENBERND, Judge.
Humberto Rodriguez appeals an order denying his request for a belated appeal pursuant to State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990). Although Mr. Rodriguez's judgment and sentence were entered prior to the supreme court's decision in First District, he waited more than two years after that decision to file his "petition for writ of habeas corpus." Following the rationale of Adams v. State, 543 So.2d 1244 (Fla. 1989), we hold that motions filed pursuant to rule 3.850 seeking belated appeal of any judgments and convictions entered prior to November 1, 1990, must have been filed on or before November 1, 1992. Accordingly, we affirm the trial court's order.
Mr. Rodriguez was charged with trafficking in cocaine. A jury found him guilty on March 12, 1989, and he was sentenced on April 12, 1989, to fifteen years' imprisonment. He did not appeal his judgment and sentence. His sentence was corrected on March 6, 1990, to reflect a fifteen-year minimum mandatory sentence. He did not appeal that order.
On November 1, 1990, the supreme court issued its decision in First District, changing the procedural vehicle for belated appeals from habeas corpus to rule 3.850. Almost three years later, on September 16, 1993, Mr. Rodriguez mailed a petition for writ of habeas corpus to this court. In his petition, he alleged that he had requested his counsel to file a notice of appeal and his counsel had failed to do so. This court transferred the petition to the circuit court to be treated as a motion for postconviction relief filed pursuant to rule 3.850 in accordance with First District. The trial court denied the motion as time-barred, reasoning that over two years had passed between the finality of the judgment and sentence and the filing of the petition with this court.
Mr. Rodriguez cites Love v. State, 623 So.2d 1221 (Fla. 1st DCA 1993), as authority for reversal. In Love, the court held that a motion pursuant to rule 3.850, requesting a belated appeal of a judgment entered prior to the supreme court's decision in First District, need not be filed within two years of the judgment because no similar time requirement had existed under habeas corpus. See also Cook v. State, 591 So.2d 1061 (Fla. 2d DCA 1991); Hickman v. State, 581 So.2d 942 (Fla. 2d DCA 1991); Woolbright v. State, 606 So.2d 379 (Fla. 1st DCA 1992).
All of the above-cited cases involve requests for belated appeals filed more than two years after the judgment had been entered, but within two years of the supreme court's decision in First District. The issue *935 not addressed in any of these cases is whether the two-year provision of rule 3.850 bars motions filed more than two years from the issuance of First District.
In Adams, the supreme court discussed the time-frame for the filing of a postconviction motion based on a fundamental change in the law or newly discovered evidence. Although rule 3.850 does not expressly create a two-year window for the filing of such belated motions, the supreme court interpreted the rule in that fashion for all motions filed after June 30, 1989.
The shift from habeas corpus to rule 3.850 as the proper vehicle for belated appeals alleging the failure of counsel to file an appeal, although not identical to the problem confronted by the supreme court in Adams, is analogous. With respect to a fundamental change in the law, a defendant has the technical right to file a motion under rule 3.850 at all times, but has no substantive issue worth addressing by such a motion until the change occurs. Similarly, a defendant had the technical right to file a motion pursuant to rule 3.850 at all times prior to November 1, 1990, but had no reason to file one requesting a belated appeal until the decision in First District.[1] In both situations, the defendant is on legal notice of the change in the law and has ample opportunity to raise the factual issue within a period of two years. We see no reason to extend the window for rule 3.850 proceedings under First District beyond the two-year period established in Adams.
Although the circuit court's order is not based on this reasoning, it correctly dismisses this untimely motion for belated appeal.
Affirmed.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[1] We assume, without deciding, that the shift from habeas corpus to rule 3.850 was not a fundamental change in the law. If it were treated as a fundamental change, then Adams would be dispositive of this case.