PER curiam:.
Michael A. Love has appealed from an order of the trial court denying his motion pursuant to Fla.R.Crim.P. 3.850 seeking a belated appeal. We reverse and remand for further proceedings.
On April 2, 1989, Love pled guilty to armed robbery, and received a guidelines sentence of life; no appeal was filed. On January 29, 1992, Love filed the instant motion seeking a belated appeal based on ineffective assistance of counsel. On April 6, 1992, the trial court denied the motion as untimely. The trial court denied rehearing on October 16, 1992, finding that the motion alleged no issue surviving the time limitations set forth in Rule 3.850.
Love appealed the October 16, 1992 order to this court, which reversed and remanded for further proceedings based on Woolbright v. State, 606 So.2d 379 (Fla. 1st DCA 1992) (the two-year limitation period of Rule 3.850 is inapplicable where a defendant’s right to appeal is frustrated by trial counsel’s conduct and the motion pertains to conduct occurring prior to State v. First District Court of Appeal, 569 So.2d 439 (Fla.1990)). See Love v. State, 625 So.2d 1328 (Fla. 1st DCA 1993). The Love mandate issued on November 8, 1993. On January 6, 1994, the trial court again denied the January 1992 3.850 motion seeking belated appeal, on the ground that Love waived his right to appeal by pleading guilty. Love again sought rehearing, which the trial court denied. This appeal followed.
It is well-settled that a party who pleads guilty can still raise the following issues on direct appeal, despite the guilty plea: 1) the trial court’s subject-matter jurisdiction; 2) the legality of the sentence; 3) the voluntary and intelligent nature of the plea; and 4) the failure of the state to abide by the plea agreement. Kearney v. State, 579 So.2d 410 (Fla. 1st DCA 1991). Thus, the trial court erred in holding that, by his guilty plea, Love waived all right to appeal. The order herein appealed is reversed, and the case remanded for further proceedings.
ALLEN and BENTON, JJ., and WENTWORTH, Senior Judge, concur.