PER CURIAM.
Calvin B. Paige appeals an order of the trial court denying his motion under Rule 3.850 as untimely filed. We affirm.
On June 7, 1983, Paige pled guilty to and was convicted of second degree murder and attempted third degree murder. No appeal was taken. In October 1993, Paige filed his Rule 3.850 motion alleging, among other things, that his trial counsel was ineffective in failing to pursue an appeal. Since Paige filed his motion more than two years after both the date on which the judgment and sentence became final and the date of the supreme court’s opinion in State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990), Paige’s motion is not timely filed under Rule 3.850. Rodriguez v. State, 637 So.2d 934 (Fla. 2d DCA 1994), rev. denied 645 So.2d 454 (Fla.1994) (Table No. 83,711).
In Woolbright v. State, 606 So.2d 379 (Fla. 1st DCA 1992), and Love v. State, 623 So.2d 1221 (Fla. 1st DCA 1993), panels of this court declined to apply a two-year limitation to 3.850 motions pertaining to conduct occurring prior to the supreme court’s decision in State v. District Court of Appeal, First District, and which were, in turn, filed within two years of the State v. District Court of Appeal decision. Accordingly, the rationale in the present decision does not conflict with either Woolbright or Love. We further do not consider Love v. State, 625 So.2d 1328 (Fla. 1st DCA 1993), to be controlling, since that decision, while purporting to follow Woolbright and the first Love decision, does not mention a date of filing for the 3.850 motion.
BARFIELD, KAHN and VAN NORTWICK, JJ., concur.